IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00452-BNB

DARRELL HAVENS,

    Plaintiff,

v.

TOM CLEMENTS, Director of Prisons,
PHYSICIANS HEALTHCARE PARTNERS, and
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Darrell Havens, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Reception and Diagnostic Center in Denver, Colorado. Mr. Havens, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated.

    The Court must construe the Complaint liberally because Mr. Havens is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Havens will be ordered to file an Amended Complaint and assert how all named parties violated his constitutional rights.

    To establish personal participation, Mr. Havens must show how each individual

caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  *See Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

To state a claim in federal court, Mr. Havens must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Defendant Colorado Department of Corrections is immune from suit.  The State of Colorado and its agencies are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kan. Medical Center*, 163 F.3d 1186, 1194-97 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see*

*Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  Accordingly, it is

ORDERED that Mr. Havens file within thirty days from the date of this Order an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Mr. Havens shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Havens fails within the time allowed to file an Amended Complaint that complies with this Order, the Court will dismiss the action without further notice.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED March 1, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge