IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00452-BNB

DARRELL HAVENS,

    Plaintiff,

v.

TOM CLEMENTS, Director of Prisons, In his Individual and Official Capacities,
RONALD ALIRES, In his individual and Official Capacities,
BRIAN McFEE, In his Individual and Official Capacities,
BRIAN HOFFMAN, In his Individual and Official Capacities,
SANDY HARRIS, In her Individual and Official Capacities,
DONA ZAVISLAN, In her Individual and Official Capacities,
CARMEN MEYERS, In her Individual and Official Capacities,
JAIME HARRELSON, In her Individual and Official Capacities,
RAY CHAVEZ, PPGMS CPT, Individually and in his Paid Capacity as a Peace Officer,
WONDA JACOBSON, RN, Individually and in her Paid Capacity,
HEATHER BAILEY, RN3, Individually and in her Paid Capacity,
MR. HARRIS, Sgt, Individually and in his Paid Capacity as a Peace Officer,
MR. FERGUSON, Sgt, In his Paid Capacity as a Peace Officer,
MJ WOODEN, CO, Individually and in his Paid Capacity,
MR. OPPERMAN, CO, Individually and in his Paid Capacity,
MR. THOMPSON, Individually and in his Paid Capacity,
SGT. BRANDON SIMONS, Individually and in his Paid Capacity as a Peace Officer and
    Employee,
MRS. GRAY, CO, Individually and in her Paid Capacity,
MRS. HARRISON, CO, Individually and in her Paid Capacity,
MR. PERRY, Individually and in his Paid Capacity,
KIMBERLY BOYDIN, RN, Individually and in her Paid Capacity,
HERMELLA ASSEFA, CNA, Individually and in her Paid Capacity,
EMMANUEL OKAI, CNA, Individually and in his Paid Capacity,
OFFENDER CARE AIDES, (OCA), Individually and in Their Paid Capacity,
CARMEN MEYERS, PA, Individually and in her Paid Capacity,
JOHN DOES, Whose Names and Identities are Unknown, Individually and in Their Paid
    Capacities,
PHYSICIANS HEALTHCARE PARTNERS,
COLORADO DEPARTMENT OF CORRECTIONS, and
STATE OF COLORADO,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW IN PART

Plaintiff, Darrell Havens, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Reception and Diagnostic Center in Denver, Colorado. On February 20, 2013, Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. On March 1, 2013, Magistrate Judge Boyd N. Boland directed Plaintiff to amend the Complaint and assert personal participation by all named defendants. Plaintiff filed an Amended Complaint on April 5, 2013.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the Complaint and the action will be assigned in part to Chief Judge Marcia S. Krieger pursuant to D.C.COLO.LCivR 40.1C.1 and to Magistrate Judge Michael E. Hegerty, and dismissed in part pursuant to 28 U.S.C. § 1915A.

Plaintiff's Amended Complaint lacks clarity. Plaintiff names twenty-eight defendants and intermingles unrelated and repetitive allegations in each of the three

specified claims. The Court previously directed Plaintiff to amend his claims, but they still lack clarity. Directing Plaintiff to file a Second Amended Complaint would not be beneficial. The Court, therefore, after a thorough review of Plaintiff's claims, finds the following.

Plaintiff asserts that he is an "incomplete quadriplegic" and has a seventy degree sclerosis curvature. As a result of his disabilities, Plaintiff contends that he must use a catheter, relies on prison staff to place him on the toilet, and he suffers from constant and severe bladder infections due to the use of the catheter. Plaintiff further contends that he has been incarcerated since 2008. During this time, Plaintiff claims he has been subjected to the following: (1) denial of needed corrective surgery for the sclerosis and four fractured vertebras; (2) inordinate delay and refusal by prison staff to assist him with using the toilet, which exacerbates the bladder infections; and (3) three hospital stays due to misuse of antibiotics by prison staff. Plaintiff also has identified other nonmedical claims, including: (1) denial of education classes; (2) retaliation for filing grievances; (3) denial of the opportunity to attend classes so he may be an offender care aid (OCA); and (4) denial of the same living, working, and education conditions as able-bodied inmates. Plaintiff seeks corrective surgery and money damages.

The denial of corrective surgery claims asserted against Defendants Physician Healthcare Partners and Tom Clements and the inadequate medical treatment claims asserted against Defendants Carmen Meyers, Hermella Assefa, Kimberly Boydin, Wonda Jacobs, Emmanuel Okai, and Jaime Harrelson will be assigned to Chief Judge Marcia S. Krieger pursuant to D.C.COLO.LCivR 40.1C.1 and to Magistrate Judge Michael E. Hegerty. The inadequate medical treatment claims are identified as follows:

> Carmen Meyers:  On five occasions disregarded his bladder infection and misprescribed antibiotics;
>
> Hermella Assefa:  Would not place Plaintiff on the toilet and left him lying in his own feces for hours;
>
> Kimberly Boydin:  Would not place Plaintiff on the toilet and left him lying in his own feces for hours;
>
> Wonda Jacobs:  Would not place Plaintiff on the toilet and left him lying in his own feces for hours;
>
> Emmanuel Okai:  Would not place Plaintiff on the toilet and left him lying in his own feces for hours; and
>
> Jaime Harrelson:  Failure to provide seizure medication and misprescribed antibiotics.

Construing the corrective surgery and inadequate medical claims liberally, the Court finds Plaintiff is asserting a violation of his Eighth and Fourteenth Amendment rights. The remaining claims and named Defendants will be dismissed for the following reasons.

First, Plaintiff was instructed in the March 1, 2013 Order that State of Colorado and Colorado Department of Corrections are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds* by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v.*

*Colorado,* 841 F.2d 1042, 1044–45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. §§ 1981, 1983, 1985, and 1986 did not abrogate Eleventh Amendment immunity.  *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). Both the State of Colorado and the Colorado Department of Corrections will be dismissed from this action.

Second, Plaintiff fails to assert a claim against Defendants Ronald Alires, Brian McFee, Brian Hoffman, Dana Zavislan, Ray Chavez, Mr. Harris, M.J. Wooden, and Mr. Opperman.  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he causes.  *See Dodds v. Richardson, et al.*, 614 F.3d 1185, 1208-13 (10th Cir. 2010) (Tymkovich, J., concurring). "Merely sending grievances to a warden is not enough to attach liability . . . ."  *See Phillips v. Tiona*, No. 12-1055, 2013 WL 239891 at *6 (10th Cir. 2013) (slip op.).

Even if the Court were to find that Defendants Alires, McFee, Hoffman, Zavislan, Chavez, Harris, Wooden, and Opperman acknowledged Plaintiff's alleged medical conditions and relied on Defendants Clements and Physicians Healthcare Partners' decision to deny Plaintiff any medical treatment, the reliance "negates rather than supports liability."  *See Phillips*, 2013 WL 239891 at *6 (citing *Araceae v. Nafziger*, 367 F. App'x 942, 956 (10th Cir. 2010).  Nothing Plaintiff asserts against these Defendants demonstrates that they personally participated in the alleged constitutional violations.

Plaintiff also asserts that Defendants Clements, Zavislan, Hoffman, and McFee

5

failed to train or supervise Defendants Brandon Simons and Sandy Harris. However, based on the findings below, Defendants Harris and Simons did not violate Plaintiff's constitutional rights. Supervisory liability requires a constitutional deprivation affirmatively linked to the supervisor's personal participation. *Martinez v. Beggs*, 563 F.3d 1082 (10th Cir. 2009) (citing *Fogerty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Without a constitutional deprivation, Plaintiff fails to state a claim against these Defendants. Plaintiff's failure to train and supervise claims asserted against Defendants Clements, Zavislan, Hoffman, and McFee lack merit and will be dismissed.

Third, Defendant Harris's refusal to allow Plaintiff to attend classes and become an OCA (Offender Care Aid) lacks merit. Plaintiff has no constitutional right to "educational or vocational opportunities during incarceration," *Wishon v. Gammon,* 978 F.2d 446, 450 (8th Cir.1992), without a state statute that entitles him to a prison job, *see Templeman v. Gunter,* 16 F.3d 367, 370 (10th Cir.1994). Plaintiff does not identify any entitling state statute.

As for Plaintiff's equal protection claim, as it relates to training and a job, "if the state provides educational or vocational opportunities to its prisoners, it cannot deny equal access to such services to all prisoners absent a rational basis." *Wishon,* 978 F.2d at 449. "The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws,' " *Grace United Methodist Church v. City of Cheyenne,* 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1), "which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe,* 457 U.S. 202, 216 (1982)). In order to sufficiently state

an equal protection claim, a prisoner must show that (1) he is treated differently than a similarly situated inmate; (2) the different treatment burdens a fundamental right; and (3) the different treatment bears no rational relation to a legitimate penal interest. *See Murphy v. Missouri Dept. of Corrections,* 372 F.3d 979, 984 (8th Cir. 2004) (internal quotation marks and citation omitted).

Although Plaintiff claims that two other inmates who are classified as SMN (Special Medical Needs) offenders were allowed to attend the OCA training, he does not claim that the two SMN offenders are restricted from communicating with females as he is. Plaintiff, therefore, does not state that he is similarly situated with the two inmates who were allowed to attend the OCA classes. There also appears to be a rational relation to a legitimate penal interest. Plaintiff fails to state a violation of his equal protection rights. Plaintiff's training and job claims as asserted against Defendant Sandy Harris will be dismissed.

Fourth, Plaintiff's retaliation claim also lacks merit. "Mere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Because Plaintiff's reference to retaliation is only a fleeting comment and he fails to assert

specific facts showing that the "but for" reason for retaliation is his filing grievances, he fails to state a retaliation claim.

Fifth, the claims Plaintiff asserts against Sgt. Brandon Simons lack merit and will be dismissed. Plaintiff alleges that Defendant Simons treats special needs and medical offenders inhumanely because of his own feelings. Plaintiff further alleges that because Defendant Simons "put up signs" conditions have worsened. Am. Compl., ECF No. 9, at 8. Plaintiff's claims against Defendant Simons are conclusory and vague. Nothing Plaintiff asserts against Defendant Simons states a violation of Plaintiff's constitutional rights. Defendant Simons and the claims asserted against him will be dismissed.

Sixth, the claims Plaintiff asserts against Mr. Opperman, Mr. Thompson, M. J. Wooden, Mrs. Gray, and Mrs. Harrison lack merit and will be dismissed. Plaintiff asserts that these Defendants do not want to accommodate him. Plaintiff's claims against these Defendants also are vague and conclusory. Nothing Plaintiff asserts against these Defendants states a violation of Plaintiff's constitutional rights. Defendants Opperman, Thompson, Wooden, Gray, and Harrison and the claims asserted against them will be dismissed.

Seventh, the loss of privileges claim Plaintiff asserts against Defendant Ronald Alires also will be dismissed. A loss of privileges, *per se*, does not state a violation of a prisoner's rights, and Plaintiff does not describe conditions which resulted from his loss of the privileges that would be considered atypical and a significant hardship. *See, e.g., Blum v. Fed. Bureau of Prisons*, No. 98-1055, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (holding that ninety-day confinement without store privileges, radio, and phone calls did not differ in significant degree and duration from ordinary incidents of prison life to create a protected liberty interest); *Villarreal v. Harrison,* No. 99-1268, 1999 WL 1063830, at *2 & n. 1 (10th Cir. Nov. 23, 1999) (concluding that conditions of

prisoner's two-year confinement in administrative detention, including restricted telephone privileges and requirement that he eat all of his meals alone in his cell, were not so different as compared with normal incidents of prison life as to give rise to a protected liberty interest); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (holding that thirty-day commissary and cell restrictions did not implicate due process concerns); *Kennedy v. Blankenship,* 100 F.3d 640, 642 (8th Cir. 1996) (finding no liberty interest in thirty-day sanction that included restrictions on mail and telephone privileges, visitation privileges, commissary privileges, and personal possessions).  Nothing Plaintiff asserts against Defendant Alires states a violation of his constitutional rights.  Defendant Alires and the claims asserted against him will be dismissed.

Finally, although Plaintiff lists Mr. Perry, Mr. Harris, Mr. Ferguson, Heather Bailey, and Offender Care Aides as Defendants, Plaintiff fails to assert a claim against them in the body of the Amended Complaint.  Defendants Perry, Harris, Ferguson, Bailey, and Offender Care Aides, therefore, will be dismissed from the action. Accordingly, it is

ORDERED that the Complaint and claims as specifically stated above against Defendants Tom Clements, Physicians Healthcare Partners, Carmen Meyers, Hermella Assefa, Kimberly Boydin, Wonda Jacobs, Emmanuel Okai, and Jaime Harrelson shall be assigned to Chief Judge Marcia S. Krieger pursuant to D.C.COLO.LCivR 40.1C.1 and to Magistrate Judge Michael E. Hegerty.  It is

FURTHER ORDERED that Defendants Ronald Alires, Brian McFee, Brian Hoffman, Sandy Harris, Dona Zavislan, Ray Chavez, M. J. Wooden, Mr. Opperman, Mr. Thompson, Sgt. Brandon Simons, Mrs. Gray, Mrs. Harrison, Colorado Department of Corrections, and State of Colorado and the claims asserted against them are dismissed with prejudice.  It is

FURTHER ORDERED that Defendants Mr. Perry, Mr. Harris, Mr. Ferguson, Heather Bailey, and Offender Care Aides are dismissed without prejudice.

DATED at Denver, Colorado, this  18th  day of  April         , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court