IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00452-MSK-MEH

DARRELL HAVENS,

    Plaintiff,

v.

TOM CLEMENTS, in his individual and official capacities,
CARMEN MEYERS, in her individual and official capacities,
JAIME HARRELSON, in her individual and official capacities,
WONDA JACOBS, in her individual and official capacities,
KIMBERLY BOYDIN, in her individual and official capacities,
HERMELLA ASSEFA, in her individual and official capacities,
EMANUEL OKAI, in his individual and official capacities, and
PHYSICIANS HEALTHCARE PARTNERS,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant Physician Healthcare Partner's (PHP) Motion to Dismiss, With Prejudice [filed May 14, 2013; docket #15]. The motion has been referred to this Court for recommendation [filed July 8, 2013; docket #31]. The motion is fully briefed, and the Court finds that oral argument will not assist in the adjudication of the motion. Based upon the record herein and for the reasons that follow, the Court RECOMMENDS that Defendant's motion be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

**BACKGROUND**

Plaintiff initiated this civil rights lawsuit on February 20, 2013, as a *pro se* litigant incarcerated an the Denver Reception & Diagnostic Center, Denver, Colorado. Plaintiff filed the operative Amended Complaint on April 5, 2013 (docket #9) in accordance with the Court's March 1, 2013 initial review order (docket #5).

**I.      Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by the Plaintiff in his Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

With respect to Defendant PHP, Plaintiff claims that PHP "stopped" a procedure in or about November 2011 described by the Plaintiff as a "fusion with bars and screws, permanent fixtures" to correct a "70 degree scoliosis curvature." Amended Complaint, docket #9 at 7. The procedure required a CT scan first, which was performed, but Plaintiff alleges PHP declined the remainder of the procedure because the "paperwork seemed like 'cosmetic.'" *Id.* Plaintiff also alleges that, in 2012, a spine team doctor at Denver Health, Dr. Vanderveen, wanted to schedule a CT scan because he believed the Plaintiff had "4 fractured vertebra[e]/1 broken." *Id.* Apparently, the recommendation was approved, but the Plaintiff claims that PHP stopped the procedure because they

---

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

did not "feel it is a progressive surgery." *Id.* Plaintiff alleges that, without the surgery, he has suffered pain and has been unable to use the toilet on his own, which has resulted in multiple bladder infections and repeated antibiotics that have "wiped" his immune system. *Id.*

## II.     Procedural History

Based upon these factual allegations, Plaintiff alleges that PHP deprived him of his Eighth Amendment right against cruel and unusual punishment by PHP's deliberate indifference to Plaintiff's serious medical needs. Plaintiff seeks an order requiring the surgery and granting required training on decisionmaking for each named Defendant, payment of the "jurisdiction amount" from each Defendant, and costs. *Id*. at 11.

Defendant PHP responded to the Amended Complaint by filing the present motion arguing the Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983. Specifically, PHP argues Plaintiff merely disagrees with PHP as to whether corrective surgery was necessary, which does not state a constitutional claim in violation of the Eighth Amendment. Further, PHP contends that Plaintiff fails to state a claim for municipal liability because he does not identify a policy or custom that caused Plaintiff's injury(ies). *See* Response, docket #15 at 4 ("Plaintiff fails to allege any facts that would establish that any of the alleged actions of any defendant were directly attributable to a custom or policy of PHP.").

Plaintiff responds by providing copies of medical records that allegedly support his allegations. He states that PHP knew or had reason to know that Plaintiff was in need of the surgery, as doctors had recommended surgery rather than "bracing" to correct the scoliosis. Plaintiff concludes that his "allegations hold up well under [the deliberate indifference] test because they implicate serious medical concerns and cannot be characterized as involving either simply

3

inadvertence or a mere difference of professional medical opinion." Response, docket #18 at 2.

PHP replies that Plaintiff's response fails to demonstrate that he states a claim for relief against PHP. PHP contends that Plaintiff's claim - essentially, that PHP should have approved corrective surgery - is nothing more than a disagreement with PHP's medical determination, and such disagreement is insufficient to state a constitutional violation. Further, PHP points out that Plaintiff fails to address the municipal liability deficiency, as described in the motion and, thus, Plaintiff fails to demonstrate PHP is liable for Plaintiff's alleged injuries.

The Court finds that it need not consider nor rely upon the documents Plaintiff provided with his response for adjudication of the present motion; thus, the Court will not convert the motion into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). The Court is now fully advised and recommends as follows.

## **LEGAL STANDARDS**

### I.     **Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible

claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## II.     Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) ("we will not supply additional facts,

nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded") (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## ANALYSIS

PHP advances alternative arguments supporting its motion to dismiss: (1) Plaintiff fails to allege facts sufficient to demonstrate municipal liability; and (2) Plaintiff fails to allege facts sufficient to state an Eighth Amendment claim. The Court will begin with an analysis of the municipal liability argument; if the Court finds Plaintiff has sufficiently alleged PHP's municipal liability, the Court will turn to the alternative argument that Plaintiff fails to state a claim for PHP's deliberate indifference to a serious risk of medical harm to Plaintiff.

**I.     Municipal Liability**

The Supreme Court recognizes that municipalities and other local government units are "persons" to whom Section 1983 applies. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 n. 55 (1978). PHP does not dispute that it is an entity subject to suit for Plaintiff's Section 1983 claims. Plaintiff alleges Eighth Amendment claims against PHP for its "deliberate indifference to Plaintiff's serious medical needs" when it denied corrective surgery for Plaintiff's scoliosis and four broken vertebrae. Amended Complaint, docket #9 at 7. PHP argues the Amended Complaint should be dismissed because the Plaintiff fails to allege sufficient facts demonstrating that an unconstitutional policy or custom exists and, if so, whether it has been enforced by PHP.

Local governments can be liable under § 1983 "only for their *own* illegal acts." *Connick v. Thompson*, -- U.S. --, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (internal quotation and citations omitted) (emphasis in original). Hence, "[a] municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (citing *Monell*, 436 U.S. at 692). Rather, to prove a § 1983 claim against a municipality, a plaintiff must demonstrate (1) the existence of a municipal policy or custom, which (2) directly caused the injury alleged. *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)). In establishing the first requirement, a plaintiff may show a municipal policy or custom in the form of any of the following:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions - and the basis for them - of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189-90 (10th Cir. 2010)) (internal quotations omitted).

Here, Plaintiff alleges that PHP "stopped" a medical procedure in or about November 2011 described by the Plaintiff as a "fusion with bars and screws, permanent fixtures" to correct a "70 degree scoliosis curvature." Amended Complaint, docket #9 at 7. The procedure required a CT scan first, which was performed, but Plaintiff alleges PHP declined the remainder of the procedure because the "paperwork seemed like 'cosmetic.'" *Id.* Plaintiff also alleges that, in 2012, a spine team doctor at Denver Health, Dr. Vanderveen, wanted to schedule a CT scan because he believed

the Plaintiff had "4 fractured vertebra[e]/1 broken." *Id.*  Apparently, the recommendation was approved, but the Plaintiff claims that PHP stopped the procedure because they did not "feel it is a progressive surgery." *Id.*

There is nothing in these allegations reflecting a formal regulation or policy statement by PHP; an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; the decisions of PHP employees (none of which are identified in the Amended Complaint) with final policymaking authority; or the ratification by such final policymakers of the decisions - and the basis for them - of subordinates to whom authority was delegated subject to these policymakers' review and approval.  *See Bryson*, 627 F.3d at 788.

For his Claim Two, the Plaintiff does allege the "failure to adequately train and/or supervise employees" (Amended Complaint, docket #9 at 8); however, he brings these claims specifically against Defendants Clements, Zavislan, Hoffman and McFee and the claims were dismissed during initial review by Senior Judge Babcock.  Order, docket #10 at 5-6, 10.  Thus, the Court must conclude that Plaintiff cannot rely on a "failure to adequately train or supervise employees" theory for his claims against PHP.

As such, the Plaintiff fails to allege facts demonstrating the existence of a municipal policy or custom, which directly caused the Plaintiff's alleged injuries.  *See Hinton*, 997 F.2d at 782.  Accordingly, the Court recommends that the District Court find Plaintiff fails to allege municipal liability against PHP sufficient to state a claim pursuant to 42 U.S.C. § 1983, and grant PHP's motion to dismiss Plaintiff's claims against PHP.

## II.     Eighth Amendment Claim

Because this Court recommends dismissal based upon the Amended Complaint's lack of municipal liability allegations against PHP, the Court need not proceed to analyze PHP's alternative argument that Plaintiff's allegations fail to state an Eighth Amendment claim. However, the Court notes that, to the extent the allegations reflect the Plaintiff's mere disagreement with PHP's decision to deny the corrective surgery, such disagreement does not support finding a violation of the Eighth Amendment. *See Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999) (a "prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.").

## III.    Leave to Amend

Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)). As such, in this jurisdiction, a court typically does not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon,* 935 F.2d at 1109-10. The Court may only dismiss "*sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [them] to amend [their] complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991)). Here, the Plaintiff has previously amended his pleading based upon the Court's guidance provided during initial review as to defective allegations in the original Complaint:

> To state a claim in federal court, Mr. Havens must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how

>the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Order, March 1, 2013, docket #5 at 2. Moreover, the Plaintiff mentions nothing in his response brief that demonstrates he may be able to cure the pleading deficiencies for his constitutional claim. Accordingly, the Court recommends that Plaintiff be denied leave to file a second amended complaint against PHP.

## **CONCLUSION**

In sum, the Court finds that Plaintiff has failed to allege plausibly the required municipal liability against PHP for Plaintiff's Eighth Amendment claims. Accordingly, based upon the foregoing and the entire record herein, this Court respectfully RECOMMENDS that Defendant PHP's Motion to Dismiss, With Prejudice [filed May 14, 2013; docket #15] be **GRANTED**.

Entered and dated at Denver, Colorado, this 16th day of July, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge