IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00452-MSK-MEH

DARRELL HAVENS,

    Plaintiff,

v.

TOM CLEMENTS, in his individual and official capacities,
CARMEN MEYERS, in her individual and official capacities,
JAIME HARRELSON, in her individual and official capacities,
WONDA JACOBS, in her individual and official capacities,
KIMBERLY BOYDIN, in her individual and official capacities,
HERMELLA ASSEFA, in her individual and official capacities,
EMANUEL OKAI, in his individual and official capacities, and
PHYSICIANS HEALTHCARE PARTNERS,

    Defendants.

## ORDER GRANTING MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendants' Motion to Vacate Scheduling Conference set for October 24, 2013 Pending Resolution of Qualified Immunity [filed September 25, 2013; docket #51]. The motion is construed as a motion to stay discovery and has been referred to this Court for disposition [docket #52]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, Defendants' motion is **granted**.

**I.    Background**

    Plaintiff, an inmate at the Denver Reception & Diagnostic Center, originated this action on February 20, 2013, and is proceeding *pro se*. In essence, Plaintiff alleges that Defendants have denied him corrective surgery, medical treatment and medication for several ailments. *See*

Amended Complaint, docket #9; Order to Dismiss in Part and Draw in Part, docket #10. On August 5, 2013, the State Defendants responded to the Amended Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* docket #39. Thereafter, Defendants filed the present Motion to Stay, asserting that, "it serves the interests of judicial economy and the conservation of resources to stay proceedings and resolve this issue [of qualified immunity] at the earliest possible state in the litigation.'" *See* docket #51 at ¶ 10.

## II.     Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, the State Defendants have filed motions to dismiss the Plaintiff's Amended Complaint asserting, among other defenses, that they enjoy absolute and qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because the State Defendants' Motion to Dismiss raises legal questions of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Moreover, the Court finds that allowing discovery to continue in this matter against Defendant PHP would not serve the interests of judicial economy and efficiency, as a

recommendation to grant PHP's motion to dismiss is currently pending before the District Court. Consequently, the Court will grant a temporary stay of the proceedings in this matter pending the disposition of the Motions to Dismiss.

## III.    Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Vacate Scheduling Conference set for October 24, 2013 Pending Resolution of Qualified Immunity [filed September 25, 2013; docket #51], construed as a motion to stay discovery temporarily, is **granted**. The proceedings of this case are hereby stayed pending the District Court's ruling on Defendants' Motions to Dismiss. The Scheduling Conference currently set for October 24, 2013 is **vacated**. The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending Motions to Dismiss.

Dated at Denver, Colorado, this 30th day of September, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

3