IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00452-MSK-MEH

DARRELL HAVENS,

      Plaintiff,

v.

TOM CLEMENTS, in his individual and official capacities,
CARMEN MEYERS, in her individual and official capacities,
JAIME HARRELSON, in her individual and official capacities,
WONDA JACOBS, in her individual and official capacities,
KIMBERLY BOYDIN, in her individual and official capacities,
HERMELLA ASSEFA, in her individual and official capacities,
EMANUEL OKAI, in his individual and official capacities, and
PHYSICIANS HEALTHCARE PARTNERS,

      Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 3, 2014.**

Plaintiff's Motion to Motify [sic] Additional Defendants & Appoint Council [sic] Pursuant to Fed. R. Civ. P. 15 [filed February 28, 2014; docket #71] is **denied without prejudice**. Plaintiff seeks to add new defendants to his case for conduct that has, apparently, occurred since the operative Amended Complaint was filed. However, Judge Babcock has determined that the only claims remaining against the named Defendants include:

The denial of corrective surgery claims asserted against Defendants Physician Healthcare Partners and Tom Clements and the inadequate medical treatment claims asserted against Defendants Carmen Meyers, Hermella Assefa, Kimberly Boydin, Wonda Jacobs, Emmanuel Okai, and Jaime Harrelson ... [which] are identified as follows:

Carmen Meyers: On five occasions disregarded his bladder infection and misprescribed antibiotics;

Hermella Assefa: Would not place Plaintiff on the toilet and left him lying in his own feces for hours;

Kimberly Boydin: Would not place Plaintiff on the toilet and left him lying in his own feces for hours;

> Wonda Jacobs: Would not place Plaintiff on the toilet and left him lying in his own feces for hours;
>
> Emmanuel Okai: Would not place Plaintiff on the toilet and left him lying in his own feces for hours; and
>
> Jaime Harrelson: Failure to provide seizure medication and misprescribed antibiotics.

April 18, 2013 Order, docket #10. Plaintiff alleges conduct that is materially different than that alleged in this case against the defendants he seeks to add; for example, Plaintiff alleges Terry Perry (CPT) supervises dayshift operations and has failed to protect "ALL OFFENDERS" from "harassment, intimidation, [and] extortion and to ensure that everyone can have access to them if situations occur."

Moreover, there is no indication that the Plaintiff has exhausted administrative remedies with respect to his allegations against these proposed defendants. To the extent that the Plaintiff seeks to bring claims against the proposed defendants, he may file a new complaint, or he may file with a motion to amend in this case a proposed amended complaint in the form provided the Clerk of this Court. *See* D.C. Colo. LCivR 5.1(c).

In the title of his motion, Plaintiff also appears to seek "appointment of counsel"; however, there is nothing in the content of the motion seeking such relief or providing any information in support of such request.