**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-00452-MSK-MEH**

**DARRELL HAVENS,**

    **Plaintiff,**

**v.**

**TOM CLEMENTS,
PHYSICIANS HEALTHCARE PARTNERS,
CARMEN MEYERS,
HERMELLA ASSEFA,
KIMBERLY BOYDIN,
WONDA JACOBS,
EMMANUEL OKAI, and
JAIME HARRELSON,**

    **Defendants.**

**OPINION AND ORDER DENYING
MOTION FOR RECONSIDERATION**

**THIS MATTER** comes before the Court on the Plaintiff Darrell Haven's Motion for Reconsideration of Dismissal and Order Denver Reception & Diagnostic Center to Preserve All Video Surveillance [sic] Cameras/Documents **(#17)**. Mr. Havens seeks relief from the Court's April 18, 2013 Order **(#10)** dismissing claims against several defendants, and he requests that the Court order the Denver Reception and Diagnostic Center to preserve all camera surveillance in the infirmary and in Mr. Havens' room. No response was filed.

Mr. Havens is a prisoner in the custody of the Colorado Department of Corrections and currently incarcerated at the Denver Reception and Diagnostic Center in Denver, Colorado. Mr. Havens, who is acting *pro se*,[1] initiated this action by filing a prisoner complaint, alleging that

---

[1] In considering Mr.Havens's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such

his constitutional rights were violated. Due to a lack of clarity and because Mr. Havens failed to assert how all of the named defendants violated his constitutional rights, the Court ordered **(#5)** him to file an amended complaint asserting personal participation by each defendant.

On April 5, 2013, Mr. Haven filed his Amended Prisoner Complaint **(#9)**. Upon initial review of the Amended Complaint, the Court ordered **(#10)** several of Mr. Haven's claims to be dismissed. The Court determined that the Amended Complaint failed to state claims against Ronald Alires, Brian McFee, Biran Hoffman, Sandy Harris, Dona Zavislan, Ray Chavez, M.J. Wooden, Mr. Opperman, Mr. Thompson, Sgt. Brandon Simons, Mrs. Gray, Mrs. Harrison, the Colorado Department of Corrections, and the State of Colorado. Claims against these defendants were dismissed with prejudice. Further, the Court found that although Mr. Perry, Mr. Harris, Mr. Ferguson, Heather Bailey, and Offender Care Aides were listed as defendants, Mr. Havens failed to assert a claim against them in the body of the Amended Complaint. Thus, claims against these defendants were dismissed without prejudice.

Mr. Havens seeks reconsideration of the Court's April 18, 2013 Order **(#10)** dismissing claims. A district court has discretion to revise interlocutory orders prior to entry of final judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). The court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) ("[D]istrict court was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only

---

liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Havens of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Havens according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

applies to final orders or judgments."). However, to avoid the inefficiency that would attend to the repeated re-adjudication of interlocutory orders, courts commonly circumscribe their broad discretion to revisit interlocutory orders by incorporating analyses from Rules 59 and 60. Mindful of these principles, the Court will not alter the previous Order unless the Court has misapprehended the facts, a party's position, or the controlling law. Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, Mr. Havens offers no argument that the Court has misapprehended the facts or the controlling law. Rather, he recites additional facts, which he believes are sufficient to demonstrate the merit of the dismissed claims. However, Mr. Havens does not assert that these facts were not known at the time he filed his Amended Complaint. Moreover, it is unclear from his motion which claims he asserts the new facts pertain to. He makes no argument as to how the additional facts overcome the deficiencies in his original pleadings. Accordingly, the Court finds that Mr. Havens has failed to demonstrate why the Court should alter or amend the April 18, 2013 Order, and it therefore declines to do so.

Additionally, Mr. Havens requests that the Court order the Denver Reception and Diagnostic Center to preserve all camera surveillance in the infirmary and in Mr. Havens' room. That request is denied as moot. Mr. Havens has filed subsequent motions regarding preservation of camera surveillance, which have been referred to and addressed by the Magistrate Judge. *See, e.g.,* Docket #47 (denying as premature Mr. Havens' request for an order as to surveillance footage).

4

For the forgoing reasons, Mr. Havens' Motion for Reconsideration of Dismissal and Order Denver Reception & Diagnostic Center to Preserve All Video Survellance [sic] Cameras/Documents **(#17)** is **DENIED**.

Dated this 18th day of March, 2014.

                                      **BY THE COURT:**

                                      */s/ Marcia S. Krieger*

                                      Marcia S. Krieger
                                      Chief United States District Judge