IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00452-MSK-MEH

DARRELL HAVENS,

    Plaintiff,

v.

TOM CLEMENTS, in his individual and official capacities,
CARMEN MEYERS, in her individual and official capacities,
JAIME HARRELSON, in her individual and official capacities,
WONDA JACOBS, in her individual and official capacities,
KIMBERLY BOYDIN, in her individual and official capacities,
HERMELLA ASSEFA, in her individual and official capacities,
EMANUEL OKAI, in his individual and official capacities, and
PHYSICIANS HEALTHCARE PARTNERS,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 20, 2014.**

    Plaintiff's Motion to Produce Requested Documents & Seek that Added [sic] Defendants on this Case [filed March 19, 2014; docket #76] is **granted in part, denied in part and denied without prejudice in part** as follows. For the same reasons set forth in this Court's March 3, 2014 order, the Plaintiff's request to add new defendants to his case is denied without prejudice.

    Second, although vague, Plaintiff appears to request copies of all documents he has filed in this case. Pursuant to 28 U.S.C. § 1915, the Court is not required to provide such copies; thus, Plaintiff's request for copies of all documents is denied. However, the Court will grant Plaintiff's request in part by directing the Clerk of the Court to send a copy of the docket sheet in this case to the Plaintiff.

    Finally, Plaintiff also appears to seek "appointment of counsel." Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991). However, civil litigants enjoy no constitutional right to an attorney, *Johnson v. Johnson,* 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam), and the Court does not have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Therefore, the Court can seek <u>volunteer</u> counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

    The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the

following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams*, 926 F.2d at 996). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

Here, the Plaintiff contends that he is "an incomplete quadriplegic confined to an electric wheelchair totally dependant on other[s] for all aspects of daily living, including dressing, shaving, giving/removing food trays from him, getting in/out of [a] wheelchair, being put in a shower chair and being totally showered, filling water cup, grabbing things that fall on the floor, and grabbing books/folders/papers, etc." Based on the nature of Plaintiff's physical state, and the complexity of the legal issues raised (some which may require review of extensive medical records), I will direct that this case be placed on the volunteer list.

However, Plaintiff should be cautioned that placement of Plaintiff's name on the Court's volunteer counsel list does not guarantee that an attorney will volunteer to undertake representation of this case. Therefore, unless and until an attorney voluntarily selects Plaintiff's case from the list of *pro se* cases, and agrees to undertake representation on a volunteer basis, the Court can do no more in this regard.

Accordingly, the motion is granted in that Plaintiff's case will be placed on the list of *pro se* cases for which the Court is seeking volunteer counsel maintained by the CJA/Pro Se Division of the Clerk's Office, but denied in that counsel will not be appointed by the Court.