**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-00452-MSK-MEH**

**DARRELL HAVENS,**

     **Plaintiff,**

**v.**

**TOM CLEMENTS,**
**PHYSICIANS HEALTHCARE PARTNERS,**
**CARMEN MEYERS,**
**HERMELLA ASSEFA,**
**KIMBERLY BOYDIN,**
**WONDA JACOBS,**
**EMMANUEL OKAI, and**
**JAIME HARRELSON,**

     **Defendants.**

---

**OPINION AND ORDER**
**ADOPTING RECOMMENDATION**
**AND GRANTING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on the Recommendation (**#35**) of the

Magistrate Judge that Defendant Physicians Healthcare Partners' Motion to Dismiss, With

Prejudice, (**#15**) be granted.  The Plaintiff Darrell Havens filed Objections (**#38**) to the

Recommendation, and Physicians Healthcare Partners filed a Response (**#40**).

### I. Background

The following facts relevant to the motion to dismiss are derived from the allegations

in the Amended Complaint (**#9**).

Mr. Havens, proceeding *pro se*,[1] is currently in the custody of the Colorado Department of Corrections and is incarcerated at the Denver Reception and Diagnostic Center in Denver, Colorado.  He is an "incomplete quadriplegic" and is "totally dependent on nurses and Offender Care Aides."  The Defendant Physicians Healthcare Partners (PHP) is an insurer, and "is acting as a paid Agent or Employee of DRDC and Colorado Department of Corrections."

In or about November 2011, PHP "stopped" a procedure described as a "fusion with bars and screws, permanent fixtures" to correct a "70 degree scoliosis curvature."  The procedure required a CT scan first, which was performed, but PHP declined to approve the remainder of the procedure because the "paperwork seemed like 'cosmetic.'"

Further, in 2012, Mr. Havens was ordered to see an ortho spine specialist after suffering severe bladder infections.  A spine team doctor at Denver Health, Dr. Vanderveen, wanted to schedule a CT scan because he believed Mr. Havens had "4 fractured vertebra[e]/1 broken."  Apparently, the recommendation for the scan was approved, but the next week PHP stopped the procedure because they did not "feel it is a progressive surgery."

Mr. Havens alleges that the procedures would allow him to use the restroom on his own, to walk, and would relieve pain.

Based on these allegations, Mr. Havens asserts one claim under 42 U.S.C § 1983 against PHP.  He alleges that due to PHP's deliberate indifference to his serious medical needs, it has deprived him of his Eighth Amendment right to be free from cruel and unusual punishment.  He

---

[1] In considering Mr. Havens's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Mr. Havens of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Havens according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

seeks an order requiring the surgery and requiring training on "decision making" for each named

Defendant, compensatory damages, and costs.

PHP moves to dismiss the claim against it pursuant to Fed. R. Civ. P. 12(b)(6). It

contends that (1) Mr. Havens fails to allege facts sufficient to demonstrate municipal liability,

and (2) Mr. Havens fails to allege facts sufficient to state a constitutional claim under the Eighth

Amendment because he simply alleges a disagreement with PHP over the need for surgery.

The matter was referred to the Magistrate Judge, who recommends that PHP's motion to

dismiss be granted. The Recommendation found that the Amended Complaint failed to state a

claim under § 1983 against PHP, concluding that the allegations did not establish municipal

liability by PHP. The Recommendation also notes that to the extent Mr. Havens' allegations

amount to a disagreement over the need for corrective surgery, such allegations are insufficient

to state a claim under the Eighth Amendment.

Mr. Havens objects to the Recommendation's conclusion regarding municipal liability.

## II.  Standard of Review

When a magistrate judge issues a recommendation on a dispositive motion, the parties

may file specific, written objections within fourteen days after being served with a copy of the

recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court shall make a

*de novo* determination of those portions of the recommendation to which timely and specific

objection is made. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057,

1060 (10th Cir. 1996). Here, Mr. Havens filed timely Objections to the Recommendation. The

Court therefore reviews the matter under the *de novo* standard of Rule 72(b).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all

well-pled allegations in the Amended Complaint **(#9)** as true and view those allegations in the

light most favorable to Mr. Havens.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).  The Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 1949-50.  The Court takes the remaining, well-pled factual contentions as true and ascertains whether those facts, coupled with the law establishing the elements of the claim, support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged.  *Id.* at 1950-51.  What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient.  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### III.  Analysis

Having conducted a *de novo* review of PHP's motion to dismiss and all responsive pleadings, the Court agrees that the motion be granted for substantially the same reasons as stated in the Recommendation.

PHP concedes in is motion that although it is a private corporation, its conduct makes it amenable to suit under § 1983.  In *Monell v. Dep't of Social Services of New York*, 436 U.S. 658 (1978), the Supreme Court held that a municipality cannot be held liable under § 1983 merely on account of the unauthorized acts of its agents.  It is clear that *Monell* itself applied to municipal governments and non-private entities acting under color of state law.  It is also now well settled that *Monell* extends to private defendants sued under § 1983.  *See, e.g., Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003).  Accordingly, a private actor such as PHP cannot be held liable solely because it employs a tortfeasor — in other words, it cannot be held liable under § 1983 on a *respondeat superior* theory.  *See Monell*, 436 U.S. at 691.  In order to hold PHP for the alleged tortious acts of its agents, Mr. Havens must show that PHP directly caused the constitutional violation by (1) instituting an "official municipal policy of some nature" that was (2) the direct cause or moving force behind the constitutional violations.  *Id.*  A plaintiff may show a municipal policy or custom in the form of any of the following:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions — and the basis for them — of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010).

Here, Mr. Havens alleges that his Eighth Amendment rights were violated due to PHP's decisions not to "approve" certain medical procedures to correct scoliosis and four broken vertebrae.  He alleges that PHP "stopped" a procedure in or about November 2011 and again in

2012.  Mr. Havens makes no allegation that the decisions regarding his treatment were made in accordance with a policy or custom instituted by PHP, nor does he allege that the decisions were made by final policymakers within PHP.  Indeed, the Amended Complaint does not identify any PHP employee who was involved in the decisions regarding his treatment.

In his Objections, Mr. Havens attempts to establish municipal liability by identifying the Department of Corrections' policy that offenders shall be offered the opportunity to make informed decisions about their medical treatment.  The Court finds that this policy does not support his claim because it is not a policy implemented by PHP.

Because dismissal is warranted on the basis that the Amended Complaint fails to allege municipal liability against PHP, the Court does not reach PHP's argument that the allegations are also insufficient to state a claim under the Eighth Amendment.  However, the Court notes that, contrary to PHP's view, it does not construe Mr. Havens' allegations as amounting to a mere disagreement over a medical diagnosis or course of treatment.  Rather, it appears that Mr. Havens alleges that, indeed, he agrees with the course of treatment recommended by his treating physicians, but that certain Defendants have denied him access to such treatment.

## IV.  Conclusion

For the forgoing reasons, Mr. Havens' Objections **(#38)** to the Recommendation are overruled.  The Court **ADOPTS** the Recommendation **(#35)** that the Defendant Physicians Healthcare Partners' Motion to Dismiss, With Prejudice, **(#15)** be **GRANTED**.  All claims against PHP are **DISMISSED WITHOUT PREJUDICE**.  Because Mr. Havens has been previously given the opportunity to amend his complaint, the Court does not reflexively grant him leave to amend.  However, if Mr. Havens believes that he can adequately allege his claim against PHP, within 21 days he may file an appropriate motion seeking leave to amend,

tendering a proposed amended pleading that clearly indicates the material that is allegedly

sufficient to overcome the pleading deficiencies identified here.

Dated this 24th day of March, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge