**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-00452-MSK-MEH**

**DARRELL HAVENS,**

**Plaintiff,**

**v.**

**RICK RAEMISCH, Director of Prisons,**
**WONDA JACOBS,**
**HERMELLA ASSEFA,**
**KIMBERLY BOYDIN, and**
**EMMANUEL OKAI,**

**Defendants.**

---

**OPINION AND ORDER GRANTING IN PART**
**AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court on a Motion for Summary Judgment **(#117)** filed by Defendant Rick Raemisch, the Colorado Department of Corrections (CDOC) Director of Prisons, the Plaintiff Darrell Havens' Response **(#122)**, and the Defendant's Reply **(#123)**.[1]

## I. Material Facts

Mr. Havens is currently incarcerated at the Denver Reception and Diagnostic Center (DRDC) of the Colorado Department of Corrections (CDOC). Due to injuries sustained during his arrest, Mr. Havens was rendered an incomplete quadriplegic. Mr. Havens also suffers from scoliosis, or curvature of the spine.

[1] As filed, the Motion for Summary Judgment was brought by Defendants Rick Raemish, Wonda Jacobs, Hermella Assefa, and Emmanuel Okai. However, in his Response to the motion, Mr. Havens abandoned his claims against Defendants Jacobs, Assefa, and Okai, conceding that he cannot prove that he suffered an injury when they allegedly denied him access to a toilet. In accordance with Mr. Havens' request, his claims under 42 U.S.C. § 1983 against Defendants Jacobs, Assefa, and Okai are dismissed, and the motion brought by these Defendants is denied as moot.

In 2011, Mr. Havens requested scoliosis correction surgery in which certain vertebrae are fused and rods are inserted to give the spine stability and prevent curvature. The medical providers at DRDC referred him to Denver Health to be seen by experts in orthopedics. The doctors at Denver Health recommended that Mr. Havens receive a CT scan so that he could proceed with preparing for this "elective" surgery. Ultimately, Mr. Haven's request for the spinal surgery was denied because it was not "medically appropriate."

In 2013, Mr. Havens initiated this lawsuit asserting numerous claims against several defendants. The only claim relevant to this motion is brought against Defendant Rick Raemisch under 42 U.S.C. § 1983 for alleged violation of the Eighth Amendment based on denial of scoliosis correction surgery to Mr. Havens.

Defendant Raemisch moves for summary judgment, arguing among other things, that he is entitled to judgment in his favor because Mr. Havens failed to exhaust his administrative remedies before filing this action.

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of

and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

## III. Analysis

The Prison Litigation Reform Act (PLRA) provides that before an inmate can bring a federal action related to prison conditions or grievances, the inmate must exhaust all administrative remedies available within the prison grievance system. 42 U.S.C. § 1997e(a). If the procedural process has not been exhausted, the claim is not ripe for determination. The Defendant has the burden to establish that the administrative process has not been exhausted. *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

An inmate properly exhausts available administrative remedies by completing the prison grievance process in accordance with all procedural rules laid out by the prison system. *See*

*Woodford v. Ngo,* 548 U.S. 81, 90 (2006). The CDOC grievance procedures applicable in this case are described in the affidavit of CDOC Step 3 Grievance Officer Anthony DeCesaro. Mr. DeCesaro states that inmates must follow the procedures found in Administrative Regulation 850-04. It requires that: (1) the inmate must attempt to resolve the issue or complaint by filing a Step 1 grievance within 30 days of the discovery of the issue or complaint; (2) if the inmate is not satisfied with the response/resolution of his Step 1 grievance, he must file a Step 2 grievance within five days of the receipt of a written response to the Step 1 grievance; and (3) if the inmate is not satisfied with the response/resolution of his grievance at Step 2, he must file a Step 3 grievance within five days of the receipt of a written response at Step 2. The Step 3 grievance is the final step in the administrative grievance process. Mr. DeCesaro further states that he reviewed the CDOC's records of grievances and that there is no record that Mr. Havens filed any grievance with regard to the denial of back surgery.

In response, Mr. Havens submits his declaration. He states that he *did* file grievances related to the denial of surgery, that he "appealed all the way through Stage III of the process and received the letters from the Colorado DOC grievance officer, Anthony DeCesaro that I have exhausted my administrative remedies" but he offers no specifics as to the date of grievances, responses or the letters to which he refers. Mr. Havens explains that he "can no longer find [his] copies of these letters." He believes that the letters were in his "box of papers," but because he is completely dependent on others for help, and offender care aides and nurses put papers in and out of the box, "some things have been lost." He asserts that "the Defendants must have copies of [Mr. DeCesaro's] letters."[2]

---

[2] The only letter from Mr. DeCesaro that submits is dated April 8, 2013 regarding a denial of a Step 3 grievance that prison staff failed to respond to his request to use the toilet.

The burden is upon the Defendant to show that Mr. Havens did not exhaust the grievance process. The affidavit by Anthony DeCesaro satisfies this burden. The question is whether Mr. Haven's submission creates a genuine dispute of material fact that requires a trial. The material fact is whether Mr. Havens complied with the prison grievance process. Here, the superficiality and generality[3] of Mr. Havens statements prevent them from creating a genuine dispute as to that fact.

Mr. Havens' statements are conclusory – that he completed the process and that he once had letters from Mr. DeCesaro showing that. There is no direct evidence of the filing of any grievance, receipt of any response or when such events occurred. So Mr. Haven's evidence does not directly contradict the CDOC's records. Even if the Court were to treat Mr. Haven's statements as true, they are insufficient to demonstrate that he complied with the prison's administrative process because the process requires not only the serial filing of grievances, but also that grievances be filed within specified time periods. There is no evidence that grievances were timely filed. In light of the Defendant's direct evidence regarding the lack of any properly filed grievance, Mr. Havens' own conclusory statement that he did in fact file grievances is not sufficient to create a *genuine* issue for trial.

The Court therefore finds that entry of summary judgment in favor of the Defendant Rick Raemisch is appropriate.

## IV. Conclusion

For the forgoing reasons, all Claims against Defendants Jacobs, Assefa, and Okai are **DISMISSED.** The Defendant's Motion for Summary Judgment is **GRANTED IN PART AND**

[3] This evidence is akin to the oft described "scintilla" of evidence, which is insufficient to create a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**DENIED IN PART**. The motion is **GRANTED** with respect to the § 1983 claim against Defendant Rick Raemisch, and is **DENIED, AS MOOT,** with regard to claims against Defendants Wonda Jacobs, Hermella Assefa, and Emmanuel Okai. The Clerk is directed to enter judgment in favor of Defendant Rick Raemisch.

Dated this 6th day of August, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge